UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARCO A. FERNANDEZ, on behalf of
himself and all others similarly situated, and
MARIO MEDINA, individually,

                            Plaintiffs,

                 -against-

CONDOS BROTHERS CONSTRUCTION,
CORP. d/b/a CONDOS BROTHERS
CONSTRUCTION, GEORGE CONDOS,
an individual, PAUL CONDOS, an individual,

                            Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 11-2978 (LDW)(ARL)

**LINDSAY, Magistrate Judge:**

      Before the court, on referral from District Judge Wexler, is the plaintiffs' motion for conditional certification of the collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). By order dated November 7, 2011, the District Court approved the parties' proposed briefing schedule, which established December 7, 2011 as the date by which the defendants' opposition to the motion was to be served. In that same order, the court referred the motion to the undersigned upon full briefing. On December 1, 2011, the defendants requested additional time to submit their opposition, on consent, to December 30, 2011. The amended briefing schedule was adopted by the court. Notwithstanding receipt of the extension, the defendants failed to oppose the motion and, on January 9, 2012, the plaintiffs filed the unopposed motion now before the court. Accordingly, the court reports and recommends that the motion for conditional certification be granted.

      The plaintiffs also seek to compel the defendants to furnish the names, last know

addresses and telephone numbers of those individuals in the collective action, defined in the complaint as "all persons who are currently, or have been employed by the defendants, at any time during the three (3) years prior to the filing of their respective consent forms, who were laborers." To the extent the plaintiffs now seek to compel the defendants to provide information for employees who were employed by the defendants for the last six years, the undersigned recommends that the request be denied. The undersigned recommends that the defendants be compelled to provided names and addresses, but not telephone numbers, for those workers employed by the defendants during the three year period prior to the date of the court's order.

The plaintiffs also seek authorization to post and circulate a Notice of Pendency and Consent to Join form in both Spanish and English. A cursory review of the Notices reveals that the Spanish Notice is not an identical translation of the English Notice and contains other errors. For example, the first full paragraph of the Spanish Notice adds language not described in the English Notice such as a demand for overtime, liquidated damages, and attorneys' fees. Additionally, the Spanish Notice changes the meaning of the English version in its description of what a Judge will decide. Rather than state that the issues are as yet undecided, the Spanish version suggests that the court will simply determine who is responsible (presumably for a violation). The Spanish Notice contains a typographical error in the first sentence of the third section. It also uses a Spanish term for "settlement" that means establishment like a colonial settlement not a resolution. Finally, the Spanish Notice does not include the address of the employer. This list is not intended to reflect all of the errors in the Spanish Notice but rather is an indication of the type of errors contained therein. Accordingly, the undersigned recommends that the plaintiffs' request to authorize the circulation of the Spanish Notice be denied, with leave

to renew upon the submission of a Spanish Notice that is an exact translation of the proposed English Notice.

**OBJECTIONS**

A copy of this Report and Recommendation is being electronically filed on the date below.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72; *Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008)*; Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
February 17, 2012

_____/s/_____
Arlene R. Lindsay
United States Magistrate Judge